**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-21090-CIV-ALTONAGA**

**GENOR DUBOS**,

     Plaintiff,

v.

**KRISTI NOEM, SECRETARY,**
**DEPARTMENT OF HOMELAND**
**SECURITY**, *et al.*,

     Defendants.

_____/

## ORDER

**THIS CAUSE** came before the Court on the parties' Joint Motion to Stay [ECF No. 22], filed on June 10, 2026.

On May 14, 2026, Plaintiff filed his First Amended Complaint ("FAC") [ECF No. 15], challenging Defendants' delay of over three years in adjudicating his application for adjustment of status.  (*See generally id.*).  He asserts four claims under the Administrative Procedure Act, 5 U.S.C. section 706 (Counts I–IV) (*see* FAC ¶¶ 58–83).  On May 22, 2026, the Court entered an Order [ECF No. 19] granting in part Defendants' request for an extension of time to respond to the FAC, allowing Defendants to respond by June 11, 2026.  And on May 26, 2026, the Court entered a Scheduling Order [ECF No. 20] setting a June 26, 2026 deadline for Defendants to file the administrative record and a July 31, 2026 deadline for the parties to move for summary judgment. (*See generally id.*).

The parties advise that on June 5, 2026, a court in the District of Rhode Island held unlawful certain policies of U.S. Citizenship & Immigration Services ("USCIS") relevant to this case.  (*See* Mot. ¶ 3).  USCIS "is analyzing the decision and awaiting further guidance."  (*Id.*).  That guidance

"could moot out the issue in this case regarding the adjudication of Plaintiff's [adjustment of status] application and resolve this matter without further litigation." (*Id.* (alteration added)).

The parties request the Court stay the case for 21 days, including staying Defendants' response deadline and potentially those set forth in the Scheduling Order. (*See id.* ¶ 4). The parties do not indicate that USCIS is likely to have issued the relevant guidance after 21 days; rather, they propose filing a status report after 21 days advising the Court of their plans with respect to this litigation. (*See id.*). The parties lack clarity on when they will be prepared to efficiently litigate this case, as they provide no firm timeline for the issuance of USCIS guidance that may moot their dispute. Adherence to the deadlines set forth in the Scheduling Order therefore appears improbable.

Accordingly, to conserve the parties' and judicial resources, and under the Court's inherent power to manage its docket to ensure the orderly progress of the case, *see, e.g.*, *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." (alteration added; citations omitted)), it is

**ORDERED** as follows:

1.     The Clerk of Court is instructed to mark the case as **CLOSED** for administrative purposes only. All pending motions are **DENIED as moot**.

2.     The Court retains jurisdiction and will reopen the case on motion by either party accompanied by a joint scheduling report. This Order shall not prejudice the rights of the parties to this litigation.

3.  Every **sixty (60) days** from the date of this Order, the parties shall file status reports advising the Court of the status of USCIS's issuance of guidance relevant to this case, and whether the parties anticipate the resumption of active litigation in this matter.

  **DONE AND ORDERED** in Miami, Florida, this 11th day of June, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:  counsel of record